**STATE ex rel. the BOARD OF POLICE COMMISSIONERS OF the ST. LOUIS METROPOLITAN POLICE DEPARTMENT and Earl T. Halveland and Daniel P. Duffy, Relators,**

v.

**The Honorable Paul E. VARDEMAN, Judge of Division Three, Circuit Court, Jackson County, Missouri, Respondent.**

No. 59691.

Supreme Court of Missouri,
En Banc.

March 13, 1978.

John C. Livingston, Mark H. Neill, St. Louis Metropolitan Police Dept., St. Louis, Jack D. Rowe, Kansas City, for relators.

Arthur A. Benson, II, Kansas City, for respondent.

Wayne W. Schmidt, Americans for Effective Law Enforcement, Evanston, Ill., Malcolm Martin, St. Louis, Thomas Hendrickson, International Assn. of Chiefs of Police, Gaithersburg, Md., amici curiae.

RENDLEN, Judge.

Prohibition: In the general election of November, 1974, the people of Missouri by initiative adopted the Missouri Campaign Finance and Disclosure Act [§§ 130.010 et seq., RSMo Supp. 1975] to be effective January 1, 1975. Thereafter three members of the Socialist Workers Party of Missouri brought an action in the circuit court of Jackson County against the Missouri Elections Commission and other defendants

seeking injunctive relief and attacking portions of the Act as unconstitutional.[1] Plaintiffs in that case alleged provisions of the Act requiring that names of political contributors be disclosed would subject those contributing to official harassment, effectively chilling plaintiffs' First Amendment rights. Attempting to gather evidence supportive of these allegations, plaintiffs by deposition and subpoena duces tecum sought information and production of documents from relators Halveland and Duffy, members of the St. Louis Police Department. In response to motions resisting these efforts and counter motions thereto, the Honorable Paul E. Vardeman, respondent here, ordered that relators Halveland and Duffy respond to questions propounded in depositions and to produce the requested documents for "in camera" inspection by the court. To prevent enforcement of those orders, relators petitioned for writ of prohibition from the Missouri Court of Appeals, Kansas City district, which issued its provisional rule. Upon request of the Court of Appeals, we accepted transfer of the cause prior to opinion.

The underlying issue in *Mutnick* is the constitutionality vel non of portions of the Missouri Campaign Finance and Disclosure Act. In this regard, by our recent opinion in *Labor's Educational and Political Club—Independent et al. v. Danforth, Missouri Elections Commission et al.*, 561 S.W.2d 339 (Mo. banc 1978), the Act in its entirety [Chapter 130, RSMo 1975] was declared constitutionally infirm and void. That decision resolved the underlying issue in *Mutnick* and a further determination of such statutory invalidity would serve no purpose. *Mutnick* has been rendered moot and is subject to dismissal by the circuit court. Further discovery proceedings or disclosures by relators in that action are not required. The provisional rule in prohibition issued by the court of appeals and taken by us prior to opinion is made absolute to the extent that respondent is prohibited from further action or orders directing

or permitting discovery in said cause. The requirement of the rule prohibiting any further action in that case is modified and the circuit court may dismiss the underlying action as moot.

All concur.

---

1. The style of that action is: *Barbara Mutnick, et al. v. Missouri Elections Commission, et al.*, No. CV75–1278, in the Circuit Court of Jackson County. For convenience it shall be hereinafter referenced as *Mutnick*.